# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TRISTAN JOSEPH WARGAS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00571 |
| ) | |
| v.   ) | **OPINION** |
| ) | |
| **MAJOR J. WATTS, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Tristan Joseph Wargas, Pro Se Plaintiff.*

The plaintiff, Tristan Joseph Wargas, a Virginia inmate proceeding pro se, has filed an action under 42 U.S.C. § 1983, alleging that the defendant prison officials improperly confiscated personal property items and denied relief on his administrative remedies. Wargas has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915(b). After review of the Amended Complaint, I conclude that this action must be summarily dismissed.

I.

Wargas complains about events that allegedly occurred at Bland Correctional Center from July to September 2022. He alleges that on July 21, 2022, Officer S. K. Boyd and Sergeant J. D. Wright searched his cell and accused him of cutting off the legs of his sweatpants. Damaging or altering property can result in the item being

considered contraband. Wargas explained that the item Boyd found was a pair of shorts on which a thread had come loose. When the officers then found the legs of some sweatpants, Boyd allegedly called Wargas a liar and an idiot. Boyd also found a potato and claimed Wargas had saved it from his religious diet that serves raw, uncut vegetables. In addition, Boyd confiscated a pair of shoes, claiming that one had a hole in it. Wright said that excess holes, rips or alterations can make shoes contraband. Wargas said that one hole was normal wear and tear, not cause for confiscation of his shoes. Finally, the officers took the mattress from Wargas' cell. Wright allegedly said "if you haven't figured this out yet the more you talk and piss us off the more we go thru your sh** and f*** with you. So it would be best if you shut up now." Am. Compl. 5, ECF No. 11.

Based on this search, the officers brought a disciplinary charge against Wargas for intentionally destroying, altering, damaging, or defacing state property. The Disciplinary Offense Report (DOR) reads as follows:

> On July 21, 2022, Correctional Officer S.K. Boyd, Correctional Officer D. StClair [sic], and Correctional Sargeant J.D. Wright, was [sic] searching Inmate Tristan Wargas' #1541339 property and the following contraband was found: Boot strings, 19 pieces of elastic, coax cable, white doughy substance in plastic bag, Reebok low top tennis shoes, altered sweatpants, 1 coffee bag full of homemade alcohol, 1 altered plastic knife, 1 dining hall spork, 1 altered headphone extension, 1 altered protractor, 1 altered earbud, 2 altered wires, assorted threat, altered pencil sharpener, 4 pieces of altered sweats, 1 whole raw potato, 2 apples, 2 oranges, 1 security screw, 2 razor blades, 3 homemade needles, 1 altered state mattress, 1 altered state pillow. Inmate Wargas

>is being charged per Operating Procedure 861.1-111A Intentionally Destroying, Altering, Damaging, or Defacing.

*Id.* Ex. 3, ECF No. 11-1. The record does not indicate that officials imposed any penalty on Wargas as a result of this disciplinary charge.

Wargas next alleges that Sergeant L. Rose and other officers searched his cell and property on July 27, 2022. Wargas found out the search was happening and went to his cell to confront Rose. He asserts that Rose conducted this search in "retaliation of exhibit #1 and #3." *Id.* at 6. These exhibits consist of some grievance documents and the DOR charging Wargas with altering property. Rose asked Wargas about his self-medication, and Wargas verified it. Rose then pointed to two pills on the top of Wargas's locker and asked what they were. Wargas accused Rose of "trying to plant pills" on him. *Id.* Wargas claims Rose's actions constituted a "retaliation search." *Id.* He does not allege that Rose confiscated anything or brought any disciplinary charge against him related to this search.

Wargas appealed the confiscation of his shoes. Major J. Watts spoke with him about the appeal. Wargas told Watts that Boyd "purposely destroyed [his] shoes." *Id.* Wargas alleges that Watts discussed this issue only with Boyd and sided with her, which Wargas characterizes as "corruption and covering up the real issue." *Id.*

On August 24 and 30, 2022, defendant N. Adams denied two of Wargas's grievances about his property issues on the grounds that the grievances contained

information not provided in the informal complaints. Wargas alleges that Adams did not fully read the content of his informal complaints. When he tried to explain this view to Adams in an inmate request form, she allegedly threatened him with an unspecified charge. Wargas asserts that Adams's actions deprived him of his right to file a grievance and his right to freedom of speech.

On September 14, 2022, K. Paderich in the VDOC Western Regional Office denied two appeals that Wargas had filed regarding grievances that Adams had rejected. Paderich ruled these appeals as untimely filed — outside the five-day appeal time. Wargas asserts that the "time stamps say it was received in time" and that he cannot control the mail system. *Id.* at 7. He asserts that another grievance appeal he mailed at the same time was accepted at the regional office as timely filed. He contends that Paderich denied his right to file a grievance and his right to freedom of speech because his rejected appeal was against three correctional officers.

In this § 1983 case, Wargas sues Watts, Wright, Rose, Boyd, Adams, and Paderich, alleging that their actions deprived him of property items and the right to file grievances, and that their actions constituted retaliation. As relief, Wargas seeks monetary damages.

II.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous,

malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or its "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)).

Administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Inmates have no legitimate expectation of privacy, and the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). To maintain institutional security, prison officials have authority to perform unexpected cell searches by which to ferret out drugs and contraband. *Id.* at 528-29. And it follows that when such a search reveals contraband in an inmate's cell, that inmate has no constitutionally protected right to retain that property.

Wargas complains that the defendants found and confiscated property items that had been altered or damaged so as to become classified as contraband. Because

he has no right to privacy and no right to possess prohibited contraband items in his prison cell, Wargas has no actionable § 1983 claim against any defendant for loss of these items.

Wargas also complains about the deprivation of some property items that he claims were not damaged before the officers' search. As a constitutional claim, this contention also lacks merit. "[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur"; therefore, "if a meaningful post-deprivation remedy for [such a] loss is available," the inmate has no constitutional due process claim, regardless of whether the employee's actions were intentional or the result of negligence. *Id.* at 532-33. The Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for negligent or intentional wrongful acts committed by state employees. *Wadhams v. Procunier*, 772 F.2d 75, 78 (4th Cir. 1985). Therefore, I must summarily dismiss Wargas' § 1983 claims that any defendant violated his federal due process rights by shaking down his cell or depriving him of property.[1]

---

[1] Wargas has a pending motion regarding discovery, ECF No. 12. He seeks production of video footage, log books, inventory search sheets, and his own mail logs. These items might support his allegations about the search and property confiscations. However, even assuming that these events occurred, I have concluded that they do not provide grounds for any actionable § 1983 claim. Therefore, I will dismiss the discovery motion as moot.

Wargas asserts that the defendants acted as they did to retaliate against him for unspecified reasons. To succeed on a § 1983 retaliation claim against any defendant, Wargas must establish that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020) (*Martin II*) (alternations omitted) (quoting *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (*Martin I*)). But courts must treat an inmate's claim of retaliation by prison officials "with skepticism" because many adverse actions prison officials take against inmates are, "by definition 'retaliatory' in the sense that [they] respond[ ] directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

Wargas asserts that various defendants' actions were retaliatory, but he fails to provide any factual support for that assertion. He does not provide facts showing that Boyd and Wright searched his cell or seized the contraband items they found because of any constitutionally protected activity by Wargas. Watts agreed with Boyd's decision that Wargas' tennis shoes were worn out enough to be properly classified as contraband. Wargas' apparent belief that Watts did so to cover up some wrongful act by Boyd and help her retaliate against Wargas is simply not supported by facts implicating his constitutional rights.

Wargas also fails to offer factual support for any claim that Rose's search of his cell or the questions about medications constituted retaliation in any way. Wargas' speculation that Rose planted the two pills in his cell for nefarious reasons has no basis in the facts.

In short, I find that Wargas' allegations against these officers are speculative and conclusory, lack any evidentiary support, and are legally insufficient to establish a prima facie retaliation claim against any of them. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (affirming summary dismissal of asserted retaliation claim that was unsupported by any factual allegations).

Wargas also complains about things that the defendants have allegedly said to him. He claims Wright informed him that if he stopped talking to the officers, things would go better for him in unspecified ways. He also claims that because of a prior written complaint form, Rose threatened to charge him with an unspecified infraction. "Words by themselves do not state a constitutional claim, without regard to their nature." *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.), *aff'd*, 917 F.2d 1302 (4th Cir. 1990) (unpublished); *see also Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished) (holding allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)).

Finally, Wargas has no actional § 1983 claim against Adams and Paderich for their rejections of his grievances. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process" or an improper or negligent grievance response. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017).

### III.

For the stated reasons, I will summarily dismiss Wargas' action pursuant to 42 U.S.C. § 1997e(c)(1) for failure to state a claim.

DATED: June 27, 2023

/s/ JAMES P. JONES
Senior United States District Judge